**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0916-19

THE PLASTIC SURGERY
CENTER, P.A., as Delegated
Authorized Representative and
Assignee for M.K.,

      Petitioner-Appellant,

v.

STATE HEALTH BENEFITS
COMMISSION and HORIZON
BLUE CROSS BLUE SHIELD
OF NEW JERSEY,

      Respondents-Respondents.

_____

Argued June 30, 2021 – Decided July 13, 2022

Before Judges Accurso and DeAlmeida.

On appeal from the State Health Benefits Commission, Department of the Treasury.

Michael M. DiCicco argued the cause for appellant (Maggs, McDermott & DiCicco, LLC, attorneys; James A. Maggs, of counsel and on the briefs; Michael M. DiCicco and Stephanie L. DeLuca, on the briefs).

Amy Chung, Deputy Attorney General, argued the cause for respondent State Health Benefits Commission (Matthew J. Platkin, Acting Attorney General, attorney; Melissa H. Raksa, Assistant Attorney General, of counsel; Amy Chung, on the brief).

Michael E. Holzapfel argued the cause for respondent Horizon Blue Cross Blue Shield of New Jersey (Becker LLC, attorneys, join in the brief of respondent State Health Benefits Commission).

The opinion of the court was delivered by

ACCURSO, J.A.D.

The Plastic Surgery Center, P.A. appeals from a December 12, 2019 final agency decision of the State Health Benefits Commission concluding Surgery Center lacked standing to appeal to the Commission from a decision by Horizon Blue Cross Blue Shield of New Jersey denying Surgery Center reimbursement for out-of-network medical services to M.K., a State Health Benefits Program member.[1] We affirm, essentially for the reasons expressed in the Commission's fully-explained and well-reasoned decision.

---

[1] Surgery Center contends its appeal is from "the September 30, 2019 Final Administrative Determination" of the Commission. There is no administrative determination, final or otherwise, of September 30, 2019. The Commission wrote a one-page letter dated August 22, 2019, to Surgery Center's counsel advising "[p]roviders do not have standing to appeal to the Commission." Counsel avers he did not receive that letter until September 30, 2019. While

A-0916-19

The essential facts are not disputed. Surgery Center submitted a claim to Horizon for services rendered to M.K. at the Center on December 16, 2014, which was denied through two levels of internal appeal at Horizon, and by an external review by an independent review organization. Following those denials, Surgery Center submitted an appeal request to the Commission. In a comprehensive seven-page decision, the Commission explained why it does not accept appeals from providers, or indeed from anyone other than the member directly.

Specifically, the Commission explained NJ DIRECT is a preferred provider organization (PPO) self-insured plan offered to SHBP members and administered by Horizon. Horizon provides plan participants a network of providers who agree to provide services per contract with Horizon at discounted rates with no balance billing. In addition to providing members care by participating "in-network" providers, NJ DIRECT also allows members to use out-of-network providers subject to the member's payment of

that may be so, it does not render the August 22 letter the Commission's "Final Administrative Determination" of September 30, 2019. The only decision of the Commission appealable as of right in this matter pursuant to Rule 2:2-3(a)(2) is the Commission's December 12, 2019 decision. The August 22, 2019 letter is interlocutory, thus requiring our leave to appeal, see Rule 2:5-6, which plaintiff has neither sought nor received.

A-0916-19

deductibles and co-insurance and the understanding that the plan's payment to out-of-network providers is limited to reimbursement of reasonable and customary costs with the member responsible for any balance.

The Commission explained that "allowing out-of-network providers to appeal reimbursement amounts undermines Horizon's ability to recruit in-network providers" willing to provide services at discounted rates in exchange for direct payment by the plan and increased patient volume resulting from plan referrals. "If a provider can appeal to receive additional payments beyond what the plan prescribes, it removes one of the important incentives for providers to participate in the network."

As the Commission explained, Surgery Center is an out-of-network provider, thus members such as M.K. who choose to have procedures performed there instead of at an in-network hospital "choose[] to be responsible for the co-insurance and any charge above the reasonable and customary allowance." While members and providers, with the written consent of the member and only to the extent the adverse determination involves medical judgment, may pursue internal appeals to Horizon and, following that, an independent review organization, only the member may further appeal to the Commission pursuant to regulation and plan guidelines.

A-0916-19

The Commission explained that when providers such as Surgery Center advise patients such as M.K. they will not balance bill the patient and instead attempt to appeal a reimbursement policy to the Commission the member does not object to, they undermine legislative policy by eliminating the financial incentive to use in-network providers and increase the cost of the plan for all members and their public employers. Thus, the Commission concluded that allowing an out-of-network provider standing to appeal that reimbursement policy "would be inimical to the purpose of the SHBP," and could even "serve to facilitate fraud against the program by permitting providers and members to consort to waive the co-insurance requirements set forth under the governing law."

As to Surgery Center's claim of derivative standing based on an assignment of benefits executed by M.K. three months before the procedure at issue, the Commission explained it "does not recognize an assignment of benefits as legal representation of a member" because it is contrary to the statute that "requires reimbursement be made only to SHBP members," N.J.S.A. 52:14-17.29, and the member guidebook providing that the member will be paid directly for services rendered by out-of-network providers, and is otherwise not permitted by the SHBP's contract with Horizon. The

Commission observed that permitting out-of-network providers with no standing to appeal directly to the Commission to appeal indirectly through assignment would obviously undermine the plan design by allowing them to gain advantages over in-network providers contractually prohibited from such appeals.

Surgery Center appeals, reprising the same arguments it made to the Commission, including that it is an "interested person" within the meaning of the Administrative Procedures Act, N.J.S.A. 52:14B-1 to -31 , entitled to a declaratory ruling from the Commission, notwithstanding it never sought a declaratory ruling from the Commission, and that the statute leaves any such declaratory ruling to the agency's discretion.

Having reviewed the record in light of our limited role in reviewing administrative agency action, Russo v. Bd. of Trs., Police & Firemen's Ret. Sys., 206 N.J. 14, 27 (2011), we are convinced none of these arguments is of sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

The law is clear only SHBP members may pursue appeals to the level of the Commission. N.J.A.C. 17:9-1.3(a). We agree with the Commission that allowing out-of-network providers to evade that limitation by assignment is contrary to the public interest. As we have noted previously, anti-assignment

clauses "advance the overarching public interest in limiting health care costs for, if the patient could assign his or her rights to payment to outside medical providers, it would undercut the pre-arranged costs with in-network providers that are relied upon by non-profit health services corporations in deciding the premium amount." Somerset Orthopedic Assocs., P.A. v. Horizon Blue Cross & Blue Shield of N.J., 345 N.J. Super. 410, 417-18 (App. Div. 2001). As we noted in Somerset with respect to Horizon, "the general policy favoring full alienability of choses in action embodied in N.J.S.A. 2A:25-1 must bend to the far more specific expression of legislative intent in N.J.S.A. 17:48E-1 to -48." Id. at 423.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

7

A-0916-19